UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KATHERINE BERNHARDT, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:21 CV 870 RWS |
| ) | |
| CITY OF ST. LOUIS, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendant's motion to dismiss the Second Amended Complaint. Plaintiff Katherine Bernhardt is a St. Louis visual artist who painted a mural on private property owned by plaintiff Dragon Crab and Turtle LLC.[1] The City painted over the mural, claiming that the mural was "graffiti" under its graffiti ordinance, which defines graffiti as "any unauthorized inscription, word, figure, picture, or design that is sprayed . . . or painted on any surface of public or private property." The ordinance sets out procedures for notifying the property owner when graffiti is found on private property and permits the City to enter private property and abate the graffiti (at the property owner's expense) after notice is sent to the property owner requiring the same.

---

[1] Bernhardt owns the LLC and there is no dispute in this case that she had the permission of the property owner to paint the mural in question.

Plaintiffs challenge the ordinance, both facially and as applied, as violative of the First Amendment and Due Process and further contend that the City's actions violated Missouri law and Bernhardt's rights under the Visual Artists Rights Act of 1990, 17 U.S.C. § 106A(a)(3)(a).

Defendant moves to dismiss all counts of the Second Amended Complaint,[2] arguing that plaintiffs have failed to adequately state claims for relief. Having reviewed the Second Amended Complaint under the appropriate standards,[3] the Court concludes that plaintiffs' claims survive dismissal at this time. Whether

---

[2] Defendant incorporates by reference its prior motion to dismiss that was denied without prejudice by the Court in its June 1, 2022 Order. The Court did not grant it permission to do so, and it disfavors incorporation. Any future motions shall set out the basis for relief in the motion without incorporation of prior motions. Moreover, the Court cautions defendant about the strident tone of its briefs. The Court expects all parties who come before it to treat each other – and the Court – with dignity and respect.

[3] For plaintiffs to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly,* 550 U.S. 544, 570 (2007)). This requirement of facial plausibility means the factual content of the plaintiffs' allegations must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Park Irmat Drug Corp. v. Express Scripts Holding Co.*, 911 F.3d 505, 512 (8th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court must accept the plaintiff's factual allegations as true and draw all reasonable inferences in favor of the nonmoving party. *Lustgraaf v. Behrens*, 619 F.3d 867, 872-73 (8th Cir. 2010). Although courts must accept all factual allegations as true, they are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly*, 550 U.S. at 555 (internal quotations and citation omitted); *Iqbal*, 556 U.S. at 677-78. And, "factual allegations must be enough to raise a right to relief above the speculative level." *Torti v. Hoag,* 868 F.3d 666, 671 (8th Cir. 2017) (citation omitted).

plaintiffs will ultimately prevail on some or all of these claims is not before me at this stage of the proceedings.

Given the nature of the case, the Court believes that immediate referral to mediation is appropriate. This is a case that should be settled, and mediation provides a unique opportunity for the parties to craft an appropriate resolution to the dispute using tools and methods not available to a court of law. The Court encourages the parties to use their best efforts towards that end.

Accordingly,

**IT IS HEREBY ORDERED** defendant's motion to dismiss [54] is denied.

**IT IS FURTHER ORDERED** that this case is referred to mediation, effective immediately, with a completion date of **November 1, 2022**.

**IT IS FURTHER ORDERED** that, except for participation in mediation, **all further proceedings in this case are stayed until November 1, 2022.**

*/s/ Rodney W. Sippel*
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of August, 2022.